IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:06cr206-MHT |
| | ) | |
| KEVIN ONEIL BROWN | ) | |

<u>ORDER</u>

This cause is before the court on defendant Kevin Oneil Brown's motion to continue trial in order to allow for a mental evaluation. For the reasons set forth below, the court concludes that the motion should be granted and jury selection and trial, now set for October 30, 2006, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(8)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Brown in a speedy trial.  Brown represents that he would like to undergo a mental evaluation in light of a severe head injury that has recently caused him to experience visual and auditory hallucinations.  A continuance is warranted to enable Brown the opportunity to obtain a full psychological evaluation; that is, a continuance is necessary to enable him to prepare effectively for trial by exploring the state of his mental health.  In addition, Brown is on pretrial release and is willing to waive his speedy trial rights in order to undergo the proposed evaluation.

Accordingly, it is ORDERED as follows:

(1) Defendant Kevin Oneil Brown's motion for continuance (doc. no. 42) is granted.

(2) The jury selection and trial, now set for October 30, 2006, are reset for February 5, 2006, at

3

10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 20th day of October, 2006.

                                                 /s/ Myron H. Thompson
                                            **UNITED STATES DISTRICT JUDGE**